J.S04041/14

**NON-PRECEDENTIAL DEC ISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN LUTHER DERR, | : | |
| | : | |
| Appellant | : | No. 1686 EDA 2013 |

Appeal from the Judgment of Sentence March 22, 2013
In the Court of Common Pleas of Northampton County
Criminal Division No(s).: CP-48-CR-0000658-2011

BEFORE: BENDER, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:  **FILED SEPTEMBER 16, 2014**

Appellant, Martin Luther Derr, appeals from the judgment of sentence[1] entered in the Northampton County Court of Common Pleas following the revocation of his parole.[2]  Appellant argues: (1) his notice of appeal was

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purported to appeal from the May 9, 2013 order denying his motion for reconsideration of sentence.  However, the appeal lies properly from the judgment of sentence imposed on March 22 2013, and we have amended the caption accordingly.

[2] "When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains the authority to grant and revoke parole; when the maximum term is two years or more, authority to grant or revoke parole is vested in the Parole Board."  **Commonwealth v. Hanson**, 856 A.2d 1254, 1258 (Pa. Super. 2004).

timely filed; (2) the trial court failed to state on the record reasons for revoking his parole and imposing its sentence; (3) his **Gagnon II**[3] hearing was not speedily held; (4) the trial court denied his right to counsel for a post-sentence motion; and (5) he was not provided written notice of his alleged parole violations. We hold the notice of appeal was timely filed, but vacate the order denying Appellant's *pro se* post-sentence motion and remand for counsel to file a new post-sentence motion on Appellant's behalf.

We first consider the trial court's suggestion that Appellant's notice of appeal was untimely. **See** Trial Ct. Op., 6/27/13, at 1-3.[4] "[T]he timeliness of an appeal implicates our jurisdiction[.]" **Commonwealth v. Trinidad**, 90 A.3d 721, 724 (Pa. Super. 2014) (citations omitted). A notice of appeal shall be filed within thirty days of the order from which the appeal is taken. Pa.R.A.P. 903(a). Because the underlying sentence was imposed after revocation of parole, the post-sentence proceedings are governed by Pennsylvania Rule of Criminal Procedure 708.[5] Subsection (E) provides: "A

---

[3] "A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a **Gagnon II** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 801 n.1 (Pa. Super. 2011); **see Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[4] The three-page opinion addresses only the timeliness of Appellant's notice of appeal.

[5] **See also** Pa.R.Crim.P. 708, *cmt* ("Rules 704, 720, and 721 do not apply to revocation cases.").

motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will **not** toll the 30-day appeal period." Pa.R.Crim.P. 708(E) (emphasis added); *see also Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001). However, this Court has declined to quash an appeal where a "problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation." *Coolbaugh*, 770 A.2d at 791. In *Coolbaugh*, the "breakdown" was the trial court's erroneous advice to the defendant at sentencing that he would have thirty days from the denial of his post-sentence motion to appeal to the Superior Court. *Id.* at 790-91.

Furthermore, we note that when a criminal defendant is represented by counsel, "the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion." *Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (reiterating there is no right to hybrid representation); *see also* Pa.R.Crim.P. 576(A)(4) (stating that when criminal defendant, who is represented by attorney, submits motion for filing that has not been signed by attorney, clerk of court shall accept it for filing and forward copy to counsel).

In the case *sub judice*, current appellate counsel, Brian M. Monahan, Esq. of the Public Defender's Office, entered his appearance for Appellant in

the underlying criminal case. Appellant was then represented at the March 22, 2013 revocation hearing by Robert Patterson, Esq.[6] At that proceeding, the trial court revoked Appellant's parole and imposed a new sentence.

There is no indication in the record that either Attorney Patterson or Attorney Monahan requested, or was granted, leave to withdraw. Nevertheless, Appellant then filed a *pro se* post-sentence motion on April 1st. Pursuant to the Rules we set forth above, Appellant's notice of appeal would generally have been due Monday, April 22nd,[7] and the post-sentence motion would not have tolled this deadline. **See** Pa.R.A.P. 903(a); Pa.R.Crim.P. 708(E); **Coolbaugh**, 770 A.2d at 791. The court issued an order denying the motion on May 9th—which fell after the April 22nd appeal deadline. Appellant then filed a notice of appeal through Attorney Monahan on June 5th. The notice of appeal is thus facially untimely under Rule of Appellate Procedure 903(a) and Rule of Criminal Procedure 708(E).

In its opinion, the trial court maintains that following sentencing,

---

[6] In a *pro se* letter written from Appellant to the trial court, dated the day after the court revoked his parole, Appellant stated that he was represented at the **Gagnon II** hearing by "a different Public defender than the one [he] had" when he was originally sentenced on the underlying possession offense. Appellant's Ltr., 4/1/13, at 3. However, the certified record provides no additional information as to whether Attorney Patterson was also from the Public Defender's office.

[7] The thirtieth day after sentencing fell on Sunday, April 21, 2013. Appellant thus had until the following day to file a notice of appeal. **See** 1 Pa.C.S. § 1908.

Appellant signed a form entitled "Important Post-*Gagnon II* Hearing Rights," which correctly set forth, *inter alia*, the time periods for filing a post-sentence motion and appeal, and the rule that a post-sentence motion would not toll the thirty-day period for filing an appeal. Trial Ct. Op. at 3 n.1. Our review of the form confirms the same.

Appellant argues on appeal, however, there was a breakdown in the court's operation. Specifically, he cites the court's May 9, 2013 order denying his *pro se* post-sentence motion, which erroneously stated that he had thirty days from the date of that order to file an appeal. **See** Order, 5/9/13, at 1. The Commonwealth responds that Appellant was provided the correct information at the time of sentencing, and the court's subsequent misstatement "did not occur until the 30-day period had long expired." Commonwealth's Brief at 5.

We further note that the certified record does not indicate whether the court forwarded Appellant's *pro se* motion to either Attorney Patterson or Attorney Monahan. **See Jette**, 23 A.3d at 1044. Instead, it is clear that court ruled on the motion. **See Jette**, 23 A.3d at 1044. There is likewise no indication in the record or trial docket of whether the order was provided to either Attorney Monahan or Attorney Patterson.

In light of the trial court's apparent failure to forward the *pro se* motion to counsel and its ruling on the *pro se* motion, and despite the post-**Gagnon II** hearing form's correct advice as to the time requirements for

filing an appeal, we agree with Appellant that there was a breakdown in court operations necessitating excusal of his otherwise untimely notice of appeal. **See Coolbaugh**, 770 A.2d at 790-91. We thus hold this Court has jurisdiction over this appeal. **See Trinidad**, 90 A.3d at 724.

As stated above, the trial court's opinion discusses only the timeliness of Appellant's notice of appeal. We could remand for the court to file an amended Pa.R.A.P. 1925(a) opinion addressing his claims. However, we again note the court's error in ruling on Appellant's *pro se* post-sentence motion—an issue Appellant's counsel has not broached. **See** Pa.R.Crim.P. 708(E); **Coolbaugh**, 770 A.2d at 791; **see also** Pa.R.Crim.P. 122(B)(2) ("When counsel has been appointed . . . the appointment shall be effective until final judgment, including any proceedings upon direct appeal."). We also cannot determine whether Attorney Monahan has crafted the appellate brief with any assumptions that certain issues may have been waived by the failure to raise them in the post-sentence motion.

Furthermore, we note some deficiencies in the record that could hamper our review. For example, in arguing he was not provided written notice of the alleged parole violations, Appellant avers that neither the record nor docket indicate that the petition to revoke was served on him. Our review of the record confirms there is no certificate of service or

notation in the docket of service on anyone.[8] There is also no transcript of the *Gagnon I* hearing, the contents of which may or may not be informative. In addition, one contested issue at the *Gagnon II* hearing was whether Appellant completed drug treatment or provided proof of such completion. The probation officer, while testifying that Appellant did not provide proof of completion, also stated Appellant attempted to re-enroll in drug treatment but "they [sic] sent him back [because h]e didn't have enough time left on his supervision." N.T. at 5-6. There is no further discussion or elaboration. *See id.* at 6.

In light of all the foregoing, and with caution to err in protecting Appellant's rights over promoting judicial economy in this particular case, we vacate the order denying Appellant's *pro se* post sentence motion and remand for counsel to file a post-sentence motion on Appellant's behalf. In considering the new motion, the court may conduct any proceedings it deems appropriate. Because the court will rule afresh on any issues raised in the counseled motion, we do not consider any of Appellant's substantive issues in this appeal.[9]

---

[8] *See* Pa.R.Crim.P. 576(B)(1) ("All written motions . . . shall be served upon each party . . . concurrently with filing."), 576(B)(4)(a) ("All documents that are filed and served . . . shall include a certificate of service.").

[9] We emphasize that this memorandum, including our statements above concerning service of the petition to revoke and Appellant's attempts to re-enroll in treatment, is not to be construed as endorsement of any claim. Instead, it is for the trial court to consider any claim presented, with the

Order denying post-sentence relief vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2014

---

benefit of the parties' arguments and first-hand knowledge of the proceedings.