J-S49045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERRY WALLACE | |
| Appellant | No. 593 EDA 2014 |

Appeal from the Order Entered January 17, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0008880-2004

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2014**

Appellant, Perry Wallace, appeals from the January 17, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

After a May 11, 2005 bench trial, the court found Appellant guilty of rape, statutory sexual assault, indecent assault, terroristic threats, possession of an instrument of crime, and corruption of minors.  On January 24, 2006, the trial court imposed a sentence of three to six years of incarceration followed by ten years of probation.  Appellant was released from prison on September 27, 2010 and arrested the next day for a positive cocaine test.  On September 9, 2011, the trial court imposed a sentence of four to eight years of incarceration followed by ten years of probation.  This Court affirmed the judgment of sentence on May 9, 2012.

Appellant filed his timely first PCRA petition on August 17, 2012. After a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the PCRA court found that Appellant knowingly, intentionally, and voluntarily waived his statutory right to court-appointed counsel. The PCRA court dismissed Appellant's petition on September 20, 2013. Appellant did not appeal.

On October 31, 2013, Appellant filed the instant *pro se* PCRA petition. In response to the PCRA court's December 16, 2013 notice of intent to dismiss, Appellant asserted he never received notice of dismissal of his first PCRA petition. The PCRA court dismissed Appellant's second petition on January 14, 2014. This timely appeal followed.[1]

In its Pa.R.A.P. 1925(a) opinion, the PCRA court concludes that it erred and requests a remand: "Appellant claims, and the Court's USPS Certified Return Receipt shows, that he did not receive the Final Order of Dismissal of the First PCRA Petition until October 28, 2013–well after the thirty-day deadline under Rule 903(a) had passed." PCRA Court Opinion, 4/16/14, at 4-5. The PCRA court reasoned that its administrative breakdown warrants

---

[1] The docket date for Appellant's notice of appeal is February 19, 2014, which is one day after the expiration of the thirty-day appeal period. The postmark on Appellant's notice of appeal indicates that Appellant mailed that document on February 12, 2014. Pursuant to the prisoner mailbox rule, Appellant's appeal is timely. **Commonwealth v. Jones**, 700 A.2d 423, 425-26 (Pa. 1997).

relief in the form of a *nunc pro tunc* appeal from the September 30, 2013 dismissal of Appellant's timely first PCRA petition.

Before we remand, per the PCRA court's request, we must discern whether the PCRA court has jurisdiction over the instant petition. Appellant's judgment of sentence became final thirty days after our May 9, 2012 affirmance of the trial court's judgment of sentence. The instant PCRA petition, filed October 31, 2013, is facially untimely under § 9545(b) of the PCRA:

> b) Time for filing petition.
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014).

- 3 -

Section 9545(b)(1)(ii) applies where the petitioner's request for relief is predicated on previously unknown facts the petitioner could not have ascertained through due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), the petitioner's appeal from his first PCRA petition was dismissed after counsel failed to file a brief. *Id.* at 1266. Construing, § 9545(b)(1)(ii), the Court wrote that it "simply requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" *Id.* at 1270. The petitioner in *Bennett* alleged he was unaware of counsel's failure to file a brief until he received a letter from the Superior Court informing him of the dismissal of his appeal. *Id.* at 1272. The PCRA court granted the petitioner's request for a *nunc pro tunc* appeal from the dismissal of the first PCRA petition, but this Court reversed, concluding the PCRA court lacked jurisdiction to order relief. *Id.* at 1267. The Supreme Court reversed, reasoning that "subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control." *Id.* at 1273.

Instantly, counsel's stewardship is not at issue, as counsel withdrew pursuant to the *Turner*/*Finley* procedure. Nonetheless, the substance of Appellant's assertion here is precisely the same as it was in *Bennett*. Appellant asserts he did not receive the review to which he was entitled

through no fault of his own. As noted above, the PCRA court concedes that point, as it failed to provide Appellant, whose counsel had withdrawn, of timely notice of the dismissal of his PCRA petition. Pursuant to **Bennett**, the instant facts are sufficient to trigger § 9545(b)(1)(ii).[2]

We next consider § 9545(b)(2) of the PCRA, which requires a petitioner asserting a timeliness exception to raise the claim within sixty days of the first date on which the claim could have been raised. Appellant received the PCRA court's tardy notice of its dismissal of Appellant's first petition on October 28, 2013. Appellant filed the instant petition three days later, on October 31, 2013. Thus, Appellant has complied with § 9545(b)(2).

Based on the foregoing, we vacate the PCRA court's order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

---

[2] In analogous cases on direct appeal, our courts will accept jurisdiction of an otherwise untimely appeal where the untimeliness results from a breakdown in the court's operation. **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2014