J-S33044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDYN FREEDMAN | |
| Appellant | No. 2946 EDA 2014 |

Appeal from the Judgment of Sentence September 16, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000871-2008

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                        **FILED JUNE 29, 2015**

Brandyn Freedman appeals from the judgment of sentence imposed by the Court of Common Pleas of Delaware County following revocation of his probation.  Freedman's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Freedman's judgment of sentence.

Freedman pled guilty to unlawful contact with a minor,[1] and on November 13, 2008, the court sentenced him to one year less one day to two years less one day in the county correctional facility, followed by five

_____

[1] 18 Pa.C.S. § 6318.

years of county probation. He was ordered not to have unsupervised contact with minors under the age of seventeen, and to register under Megan's Law for ten years.

In 2010 and 2013, Freedman was found in violation of his parole and probation. The 2013 violation led to imposition of a new sentence of three years' probation. In July 2014, a bench warrant was issued for further violations, and on September 16, 2014, following **Gagnon II** hearing,[2] at which Freedman stipulated to the violations, the court resentenced him to serve 18 to 60 months' imprisonment. The court recommended to the state parole board that Freedman's release be contingent on his successful completion of the Department of Corrections Sexual Offenders Program. N.T. **Gagnon II** Hearing, 9/16/14, at 20.

Freedman filed a *pro se* motion for reconsideration of sentence, which the trial court dismissed on September 14, 2014, noting that the pleading was a nullity because Freedman was represented by counsel, and hybrid representation is prohibited, citing **Commonwealth v. Nischan**, 928 A.2d 349 (Pa. Super. 2007).

Following the filing of a timely notice of appeal, the court directed counsel to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 5, 2014, counsel filed a statement of

_____

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed its Rule 1925(a) opinion on January 2, 2015.

On February 23, 2015, Freedman's counsel filed an ***Anders*** brief. "When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Rojas***, 847 A.2d 638, 639 (Pa. Super. 2005). Furthermore, counsel must comply with certain mandates when seeking to withdraw pursuant to ***Anders***, ***Santiago*** and ***McClendon***. These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf).

***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Here, counsel has provided the facts and procedural history of the case, and avers that, after a thorough review of the record, he finds the

- 3 -

appeal to be wholly frivolous, and states his reasons for this conclusion. Counsel provided a copy of the petition and **Anders** brief to Freedman. Counsel has not submitted documentation to this Court that he advised Freeman of the right to retain new counsel, or proceed *pro se*, and raise any additional points he deems worthy of this Court's attention. However, on May 8, 2015, Freedman filed a *pro se* response to the **Anders** brief. Accordingly, we find counsel has met the requirements of **Anders**, **Santiago** and **McClendon**.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

In his **Anders** brief, the sole issue of arguable merit raised by counsel is "whether the new maximum sentence of 60 months['] imprisonment imposed upon Freedman is harsh and excessive under the circumstances." **Anders** Brief, at 1.[3]

Freedman challenges the discretionary aspects of his sentence. When the discretionary aspects of a sentence are questioned, an appeal is not

---

[3] Although Freedman does not include a separate statement of questions involved in his brief, his argument includes the following statement: "The sentence imposed by the lower court of 18 to 60 months['] imprisonment following a **Gagnon II** hearing [on] September 16, 2014[,] was harsh and excessive under the circumstances." Appellant's Brief, at 2.

guaranteed as of right. ***Commonwealth v. Moore***, 617 A.2d 8, 11 (Pa. Super. 1992).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

Freedman filed a timely notice of appeal and preserved the issue, albeit obliquely, during the ***Gagnon II*** and in a *pro se* motion for reconsideration of sentence, which the court dismissed because of the hybrid representation issue. Neither the ***Anders*** brief nor the *pro se* brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence, as required by Pa.R.A.P. 2119(f). The Commonwealth has not objected to this omission. It is well-settled that in the absence of objection from the Commonwealth, this Court may ignore the omission of such statement and proceed to determine if the appellant has raised a substantial question. ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. 2004).

A claim that the court imposed a sentence that is unreasonably disproportionate to a defendant's crimes and is unduly excessive raises a

substantial question. ***Commonwealth v. Williams***, 69 A.3d 735, 740 (Pa. Super. 2013).

We begin by noting that "[t]he imposition of sentence is vested in the discretion of the trial court, and should not be disturbed on appeal for a mere error of judgment but only for an abuse of discretion and a showing that a sentence was manifestly unreasonable." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007). "The proper standard of review for an appellate court is to focus on the pertinent statutory provisions in the Sentencing Code, specifically 42 Pa.C.S. § 9781(c) and (d), and 42 Pa.C.S. § 9721(b)." ***Id.*** at 963. We also consider a sentence imposed following revocation of probation in light of the limitations set forth in 42 Pa.C.S. § 9771(c).[4] Because subsections 9781(c) and (d) include a focus on sentencing guidelines, however, and because sentencing guidelines do not apply to revocation sentences, in this case we look solely to the provisions of 42 Pa.C.S. § 9721(b).

_____

[4] Section 9771(c) provides that a court may only impose a sentence of total confinement upon revocation of probation if it finds that:

    (1)   the defendant has been convicted of another crime;

    (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

    (3)   such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

*Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001).

Section 9721(b) provides, in relevant part, as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

At the ***Gagnon II*** hearing, Freedman stipulated to violating several conditions of his probation including that he refrain from using controlled substances, obtain permission from his probation officer before leaving the Commonwealth, participate in and successfully complete a sex offender treatment program, and have no contact with minors without a responsible adult present. Freedman, who was 18 years old when he committed the underlying offense, testified that he had matured since that time, and since his previous probation violations in 2010 and 2013. After hearing from Freedman, the court reviewed the history of the case, noting:

> August 2010, at the time of the first ***Gagnon*** proceeding, among other things, it was directed that Mr. Freedman successfully complete the County Prison's Sexual Offender Program. February 2013, three years of probation imposed, more sex offenders treatment directed along with other prohibitions.
>
> . . . . .
>
> I tried in 2010 at the County Level. I was lenient and I think generous in 2013. Yet, here we all are again. Given your age, you successfully completing treatment and investing in that treatment is critical.

- 7 -

N.T. *Gagnon II* Hearing, 9/16/14, at 18-19. The court then sentenced Freedman to a term of 18 months to 5 years' incarceration, and directed him to enroll in the State Prison Sexual Offenders Treatment Program. Although Freedman's probation officer recommended a minimum sentence of 30 months, the court imposed a minimum sentence of 18 months based on the probation officer's statement that 18 months is the average time for an individual to complete treatment. *Id.* at 10.

A sentencing court, upon revocation of probation, is allowed to consider any sentencing option it had at the initial sentencing. *Commonwealth v. Raphael*, 69 A.3d 735 (Pa. 2013). In light of Freedman's repeated violations, including his failure to complete treatment, the trial court's imposition of a state sentence, which will allow Freedman to rehabilitate himself through participation in the sexual offenders treatment program, is a reasonable exercise of judicial discretion. *See* 42 Pa.C.S. § 9721(b).

Accordingly, although we find that Freedman has raised a substantial question with regard to sentencing, we conclude that he is not entitled to relief.[5]

_____

[5] Pursuant to the dictates of *Commonwealth v. Flowers*, ___ A.3d ___ (Pa. Super. 2015), 2015 WL 1612010, we have conducted an independent review of the record, including the transcripts of Freedman's May 13, 2008 guilty plea hearing, his November 13, 2008 sentencing hearing and his September 16, 2014 *Gagnon II* hearing. We discern no non-frivolous issues overlooked by counsel.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2015