J-S54004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JOHN MORENO, | |
| Appellant | No. 718 WDA 2015 |

Appeal from the PCRA Order Entered March 30, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017085-2010

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 28, 2016**

Appellant, William John Moreno, appeals from the post-conviction court's March 30, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

This Court previously summarized the facts of Appellant's underlying convictions, as follows:

> During the early morning hours of December 6, 2010, Appellant and his codefendant, Michael Szoszorek (Szoszorek), were at the Polish Veteran's Association bar in Pittsburgh, Pennsylvania. Shortly after 3:00 a.m. that morning, bartender Nicole Knouff (Knouff) began asking customers to leave, as the bar was closing. Bar patron Michael Murray (the victim) endeavored to assist Knouff by approaching a group of men, which included Appellant and Szoszorek, and asking them to depart. Instead, Appellant struck the victim in the face. A brawl ensued, during which the victim was punched and kicked by Appellant and Szoszorek. The victim was knocked unconscious

and suffered several injuries, including a broken leg and a concussion.

As a result of these events, Appellant was charged with aggravated assault and conspiracy. A bench trial was held on January 25, 2012. At the conclusion of the trial, Appellant was found guilty of the aggravated assault charge, but acquitted of conspiracy. On April 16, 2012, Appellant was sentenced to 8.5 to 20 years' incarceration.

*Commonwealth v. Moreno*, No. 1252 WDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed January 9, 2014).

Appellant filed a direct appeal, and on January 9, 2014, this Court affirmed. *See id.* On June 25, 2014, our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *Commonwealth v. Moreno*, 94 A.3d 1009 (Pa. 2014).

On July 7, 2014, Appellant filed a *pro se* PCRA petition and counsel was appointed. However, that attorney filed a *Turner/Finley*[1] 'no merit' letter and petition to withdraw. Before counsel's petition to withdraw was ruled on, however, Appellant obtained private counsel. That attorney filed an amended petition on Appellant's behalf, raising claims of ineffective assistance of counsel (IAC). The Commonwealth filed a response, and on March 30, 2015, the PCRA court conducted a hearing. At the conclusion thereof, the court denied Appellant's petition. Appellant filed a motion for reconsideration on April 9, 2015, which the court denied on April 14, 2015.

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (*en banc*).

Appellant filed a notice of appeal on May 5, 2015, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a responsive opinion on November 5, 2015.

Preliminarily, we must address the Commonwealth's argument that Appellant's notice of appeal was untimely filed, as that issue impacts our jurisdiction. *See Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. Super. 2014) ("The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act."). The Commonwealth avers that Appellant had 30 days to file a timely appeal from the March 30, 2015 order denying his petition, making his notice of appeal due on April 29, 2015. *See* Pa.R.A.P. 903(a). However, Appellant did not file his notice of appeal until May 5, 2015. The Commonwealth stresses that the time for filing the notice of appeal was not tolled by Appellant's April 9, 2015 motion to reconsider, as the PCRA court never expressly granted reconsideration. *See* Commonwealth's Brief at 16-17 (citing *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000) ("[A]lthough a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition."). Accordingly, the Commonwealth argues that we should quash Appellant's untimely-filed appeal.

However, this Court has declined to quash an appeal where the trial court did not properly inform the appellant of his right to file an appeal, and the time requirements for doing so. **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) ("[I]n similar situations, we have declined to quash the appeal recognizing that the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation."). In this case, the PCRA court had an obligation to advise Appellant "of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken." Pa.R.Crim.P. 908(E). The PCRA court did not satisfy this requirement at the conclusion of the hearing on March 30, 2015, or in its written order issued on that same date. **See** N.T. PCRA Hearing, 3/30/15, at 123-24; Order, 3/30/15. Based on the court's failure to meet the directives of Rule 908(E), we decline to quash Appellant's appeal. **See Coolbaugh, supra**.

Herein, Appellant presents six issues in his "Statement of Questions Involved." **See** Appellant's Brief at 5-6. However, in the Argument portion of his brief he states only one issue: "Trial counsel rendered ineffective assistan[ce] to [Appellant] in this matter [and] the trial court's denial of [Appellant's] PCRA petition [is] not[]supported by the record and [is not] free of legal error regarding the ineffective assistance of counsel to [Appellant]." Appellant's Brief at 23 (unnecessary capitalization omitted). Within this single issue, Appellant asserts three IAC sub-claims, which he

- 4 -

fails to separate in any fashion. Those IAC issues can be summarized as follows:

> I. Trial counsel was ineffective for making a last minute decision to proceed with a non-jury trial without consulting with Appellant.
>
> II. Trial counsel was ineffective for not presenting a defense on Appellant's behalf, which would have included presenting Appellant's own testimony.
>
> III. Trial counsel was ineffective for not presenting the testimony of David Clemens, who was present and ready to testify on Appellant's behalf at trial.

*See* Appellant's Brief at 25-30. These three issues were set forth in Appellant's "Statement of Questions Involved" and, thus, we will consider them herein, despite Appellant's failure to fully comport with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) (requiring that the argument section "be divided into as many parts as there are questions to be argued" and to "have at the head of each part -- in distinctive type or in type distinctively displayed--the particular point treated therein").

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [*Commonwealth v.*] *Colavita*, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing *Strickland*[ *v. Washington*, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce*, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra*. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita*, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" *Ali*, 608 Pa. at 86–87, 10 A.3d at 291 (quoting *Commonwealth v. Collins*, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant first contends that his trial counsel, James Sheets, Esq., acted ineffectively by promising Appellant that he would be tried by a jury, but then "unilaterally" changing course and requesting a non-jury trial. Appellant's Brief at 28-29. Appellant does not meaningfully develop this IAC claim, and he does not cite any legal authority to support it. Most notably, he offers no discussion regarding why the following analysis by the PCRA court was legally erroneous:

> [Appellant's] claim that he was deprived of a jury trial is contradicted by the record. Trial counsel had previously advised the [c]ourt through continuance applications that this case was to proceed as a non-jury trial. More probative, however, [are] [Appellant's] own words and actions in executing a written jury-trial waiver and confirming his decision to proceed with a non-jury trial on the record. [Appellant] advised the [c]ourt that he understood the written waiver and [he] advised the [c]ourt that all of his answers to the questions contained therein were truthful. When reviewing the record as a whole, this [c]ourt believes that [Appellant] made a conscious, intelligent election of a non-jury trial consistent with the advice of counsel. This ineffectiveness claim is, therefore, without merit.

PCRA Court Opinion (PCO), 11/5/15, at 5.

On appeal, Appellant does not even *acknowledge* the statements he made to the court prior to waiving his right to a jury trial, let alone present any argument that the colloquy was coerced or involuntary. Significantly, during the oral colloquy, Appellant answered affirmatively when asked if he had had "enough time to talk to [Attorney] Sheets about how [he] want[ed] to handle [his] case[,]" and he also confirmed that he was "satisfied with [counsel's] advice and representation [regarding] whether to go to [a] jury

or non-jury [trial.]" N.T. Trial, 1/25/12, at 6. Based on Appellant's statements during his colloquy, and the lack of argument in his appellate brief, we find no merit to his claim that Attorney Sheets failed to sufficiently discuss with him the decision to proceed to a non-jury trial. Accordingly, the PCRA court did not err in rejecting Appellant's first IAC issue.

Appellant's remaining two ineffectiveness claims can be addressed together. Appellant contends that Attorney Sheets acted ineffectively by resting the defense's case without calling Appellant or David Clemens to the stand. According to Appellant, he and Attorney Sheets had discussed Appellant's desire to testify, and Appellant believed he was going to take the stand at trial. Appellant also claims that he thought Clemens would be called as a defense witness, and that Clemens was present at trial and ready to take the stand. However, according to Appellant, Attorney Sheets surprisingly rested Appellant's case without calling him or Clemens, and without any discussion with Appellant.

Again, in rejecting Appellant's IAC claims pertaining to counsel's failure to call Appellant or Clemens to the stand at trial, the court stressed that Appellant was colloquied at trial regarding these decisions, and he had expressed no issues with counsel's conduct. *See* PCO at 5-6. The record supports the court's determination. In particular, just after Attorney Sheets stated that he was resting Appellant's case, the court explained to Appellant that he had the right to testify and call witnesses on his behalf. N.T. Trial at 92. The court further clarified that counsel's statement that he was resting

- 8 -

indicated that Appellant would not be testifying or calling witnesses. *Id.* Appellant indicated that he understood and agreed to rest. *Id.* at 93. Appellant was then asked if he had "had enough time to talk to [Attorney] Sheets about that[?]" and Appellant replied, "Yes, I have." *Id.*

Based on this colloquy, the validity of which Appellant does not challenge on appeal, we conclude that Appellant has not demonstrated arguable merit in his assertion that Attorney Sheets rested the defense's case without first discussing with Appellant that he was not going to testify or call Clemens to the stand.

In any event, we also point out that Appellant has not proven that he was prejudiced by Attorney Sheets' alleged ineffectiveness. First, in regard to prejudice stemming from Appellant's decision not to testify, we acknowledge that the PCRA court incorrectly concluded that this prong of the IAC test was not met because Appellant failed to prove that his testimony would have changed the outcome of his trial. *See* PCO at 6. In *Commonwealth v. Walker*, 110 A.3d 1000 (Pa. Super. 2015), this Court clarified "that the appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the *waiver proceeding* would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand." *Id.* at 1005 (emphasis in original). Notwithstanding the PCRA court's error in this regard, we agree with its ultimate conclusion that

Appellant failed to demonstrate prejudice. Appellant has failed to offer any developed argument that the waiver of his right to testify was involuntarily induced, or that he did not understand what he was doing. While he baldly contends that Attorney Sheets failed to discuss with him the decision not to take the stand, his statements during the colloquy bely this argument. Therefore, Appellant has not met the prejudice standard elucidated in **Walker**.

We also agree with the PCRA court that Appellant failed to prove that he was prejudiced by the omission of Clemens' testimony. According to the PCRA court, at the evidentiary hearing, Clemens

> testified ... that he was present during the altercation that resulted in charges being filed in this case. Clemens indicated that he had been the target of racial slurs and that the victim in this case and two other men became aggressive toward [Appellant], Clemens and another person in their group. Clemens testified that the victim began walking aggressively toward [Appellant]. [Appellant] then punched the victim one time. The victim then fell to the floor where he was further assaulted by [Appellant's] co-defendant.

PCO at 3-4.

After considering Clemens' testimony at the PCRA hearing, the court concluded that it "could have had a detrimental effect on [Appellant's] defense." *Id.* at 6. The court explained that, "[a]lthough Clemens testified that the victim appeared to walk toward [Appellant] in an aggressive manner, Clemens testified that [Appellant] threw the first punch and he did not see the victim throw any punches." *Id.* Accordingly, the court found

- 10 -

that Clemens' testimony would not have been helpful to the defense, and Appellant was not prejudiced by its omission.

Appellant provides no argument on appeal to challenge the court's determination. Therefore, he has not demonstrated that Attorney Sheets' decision not to call Clemens was so prejudicial that he was denied a fair trial. ***See Commonwealth v. Matias***, 63 A.3d 807, 810-11 (Pa. Super. 2013) ("[W]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ... test by establishing that (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) *the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial*….") (citation omitted; emphasis added).

In sum, none of Appellant's ineffective assistance of counsel claims warrants relief. Accordingly, the court did not err in denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 11 -

J-S54004-16

Date: 9/28/2016