**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Robert Shawn COOLBAUGH,**
**Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 2001.
Filed March 9, 2001.

---

Brent E. Peck, Uniontown, for appellant.

Nancy A. Duffield, Assistant District Attorney, Uniontown, for Commonwealth, appellee.

Before JOHNSON, HUDOCK and HESTER, JJ.

HUDOCK, J.:

¶ 1 This is an appeal from the judgment of sentence entered after the revocation of Appellant's probation. For the reasons that follow, we affirm.

¶ 2 The trial court has ably summarized the pertinent facts as follows:

At Number 824 of 1998, [Appellant] was arrested on or about June 3, 1998, and charged with Simple Assault; Terroristic Threats; Harassment; and Stalking. On September 28, 1998, [Appellant] was accepted into the A.R.D. Program for a period of twelve (12) months.

On April 13, 1999, following a hearing on [Appellant's] violation of the terms of his A.R.D., this Court revoked [Appellant's] A.R.D. Subsequently, [Appellant] accepted a plea bargain on May 4, 1999, and was sentenced to serve 5 years' probation.

At Number 1400 of 1998, [Appellant] was arrested on or about October 17, 1998, and charged with Recklessly Endangering Another Person; Fleeing or Attempting to Elude Police Officer; Purchase, Consumption, Possession or Transportation of Alcoholic Beverages; One Way Roadways and Rotary Traffic Islands; and Operation of Vehicle Without Official Certificate of Inspection. On May 4, 1999, [Appellant] accepted a plea bargain and subsequently was sentenced to serve 12 months' probation.

On April 11, 2000, following a hearing on [Appellant's] violation of the terms of his probation, [Appellant] was sentenced by this Court to 2–5 years' imprisonment in the case at Number 824 of 1998, and 1 to 2 years' imprisonment in the case at Number 1400 of 1998. The sentences were to run consecutively. [The basis of Appellant's violation of the terms of his probation was that he pleaded guilty and was convicted of the crime of Grand Larceny in West Virginia while under active supervision of the Fayette County Adult Probation Office. Appellant further used a deadly weapon in commission of that crime].

Trial Court Opinion, 6/19/00, at 1–3. At the time of sentencing, the court advised Appellant that he had thirty days to appeal his sentence. The court then instructed:

If you file a post-sentence motion, and if the Court denies your post-sentence motion, at that point, you may appeal to the Superior Court of Pennsylvania. The appeal to the Superior Court of Pennsylvania would have to be filed within thirty (30) days of the entering of the order deciding your post-sentence motion.

If your post-sentence motion is determined by operation of law, I mean denied by operation of law, then you would have to file the appeal within thirty (30) days of that denial.

N.T., 4/11/00, at 11–12.

¶ 3 On April 24, 2000, Appellant filed a petition for reconsideration of sentence, and the court, by order dated April 26, 2000, denied the petition. On May 26, 2000, Appellant filed this appeal. The notice states that the appeal is from the trial

court's order of April 26, 2000, denying the petition for reconsideration. Since the record reveals that the appeal was not filed within thirty days of the judgment of sentence but, rather, was filed following denial of Appellant's motion to modify sentence, the appeal is untimely under the authority of *Commonwealth v. Coleman*, 721 A.2d 798 (Pa.Super.1998) (holding that the filing of a motion to modify sentence, following a revocation of probation, does not extend the appeal period; a defendant seeking to appeal a revocation order must do so within the thirty-day time period prescribed by Pa.R.A.P. 903(a)).

¶4 Although neither Appellant nor the Commonwealth raises the issue of the timeliness of the appeal, "questions of jurisdiction may be raised sua sponte." *Commonwealth v. Lindey*, 760 A.2d 416, 418 (Pa.Super.2000). It is well established that "[w]hen an Act of Assembly fixes the time within which an appeal may be taken, a court may not extend time for appeal." *Commonwealth v. Anwyll*, 333 Pa.Super. 453, 482 A.2d 656, 657 (1984). Therefore, when a trial court purports to extend the time for appeal to thirty days after the disposition of the motion for reconsideration, this error does not affect the running of the time of appeal. *Id.*

¶5 Nevertheless, in similar situations, we have declined to quash the appeal recognizing that the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation. *See Commonwealth v. Bogden*, 364 Pa.Super. 300, 528 A.2d 168 (1987) (holding that appeal would not be quashed as untimely when trial court misinformed defendant by not advising him that appeal had to be taken within thirty days of entry of sentence); *Anwyll, supra* (finding that although appeal was untimely, where defendant's failure to appeal on time appeared

to be a result of a breakdown in operation of trial court, which gave erroneous information as to appeal period, appeal would not be quashed as untimely but would be regarded as though filed *nunc pro tunc* and considered on the merits). For these reasons, we will not fault Appellant and will proceed to review the merits of his appeal.

¶6 On appeal, Appellant raises the following issues for our consideration:

1. Was the sentence at Number 824 of 1998 ordering [Appellant] to undergo imprisonment at a state correctional institution for a period of not less than two (2) years nor more than five (5) years excessive?

2. Was the sentence at Number 1400 of 1998 ordering [Appellant] to undergo imprisonment at a state correctional institution for a period of not less than one (1) year nor more than two (2) years excessive?

Appellant's Brief at 5. Appellant's argument with reference to both claims is that the sentences imposed are inconsistent with the sentencing guidelines, contrary to the fundamental norms of the sentencing process and fail to consider his personal life situation. *Id.* at 6. Specifically, he contends that:

[T]he sentence imposed at both case numbers is in excess of twice the sentencing guidelines for each. At Number 824 of 1998, [Appellant] was arrested and charged with Simple Assault; Terroristic Threats; Harassment; and Stalking. The Pennsylvania Sentencing Guidelines provide in the standard range R–S to 12 months; aggravated range, 12–15 months.

At Number 1400 of 1998, [Appellant] was arrested and charged with Recklessly Endangering Another Person; Fleeing or Attempting to Elude Police

Officer; Purchase, Consumption, Possession or Transportation of Alcoholic Beverages; One Way Roadways and Rotary Traffic Islands; and Operation of Vehicle Without Official Certificate of Inspection. The Pennsylvania Sentencing Guidelines provide the standard range R–S to 6 months; aggravated range, 6–12 months.

As such, both sentences are inconsistent with specific provisions of the sentencing code.

Appellant's Brief at 8. Appellant further alleges that the court violated the fundamental norms of the sentencing process by sentencing above the aggravated range and adding weapon enhancements to the sentences based on separate crimes committed in another state. Finally, Appellant posits that the court failed to consider Appellant's personal life situation, namely his drug problem.

¶ 7 "The imposition of sentence following the revocation of probation 'is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.'" *Commonwealth v. Sierra,* 752 A.2d 910, 913 (Pa.Super.2000) (quoting *Commonwealth v. Smith,* 447 Pa.Super. 502, 669 A.2d 1008, 1011 (1996)). We recently summarized our standard of review and the law applicable to revocation proceedings as follows:

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa. C.S.A. § 9771(b). *See also Commonwealth v. Gheen,* 455 Pa.Super. 499, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation

proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Id.,* 688 A.2d at 1207–08. *Accord Commonwealth v. Ware,* 737 A.2d 251, 254 (Pa.Super.1999)[*appeal denied,* 561 Pa. 657, 747 A.2d 900 (1999)]. Finally, it is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,
>
> (3) such a sentence is essential to vindicate the authority of court.

42 Pa.C.S.A. § 9771(c).

*Commonwealth v. Fish,* 752 A.2d 921, 923 (Pa.Super.2000).

¶ 8 Appellant's claims on appeal challenge the discretionary aspects of his sentence. As stated before, Appellant alleges that his sentences are excessive, as they are inconsistent with the sentencing code, and the court deviated from the guidelines without providing adequate reasons and/or considered improper factors. This claim, however, is without merit as it is well settled that "'[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations....'" *Ware,* 737 A.2d at 255 (quoting 204 Pa.Code § 303.1(b)). *See also Commonwealth v. Cappellini,* 456 Pa.Super. 498, 690 A.2d 1220 (1997) (same). Moreover, even if the guidelines applied, Appellant's claims of excessiveness do not raise a substantial question. *Commonwealth v. Kraft,* 737 A.2d 755, 757

(Pa.Super.1999), *appeal denied,* 560 Pa. 742, 747 A.2d 366 (1999) (holding that defendant's assertion that her sentence of ninety days' incarceration for driving while under suspension was excessive did not raise a substantial question so as to permit appellate review of the discretionary aspects of the sentence, where sentence was within statutory limits); *Commonwealth v. Mobley,* 399 Pa.Super. 108, 581 A.2d 949, 952 (1990) (claim that sentence imposed for narcotic offense failed to take into consideration defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines). In this instance, Appellant's conviction of Terroristic Threats, at Number 824 of 1998, has a statutory limit of five years as a first-degree misdemeanor. 18 Pa.C.S.A. § 2706(d); 18 Pa. C.S.A. § 1104. Thus, Appellant's sentence of two to five years' imprisonment is clearly within the statutory limit. Likewise, at Number 1400 of 1998, Appellant was sentenced on the crime of Attempting to Elude Police Officer to one to two years' imprisonment. Because this offense is classified as a misdemeanor of the second degree and the statutory limit for misdemeanors of the second degree is two years, there was no erroneous imposition of sentence. 75 Pa.C.S.A. § 3733(a); 18 Pa. C.S.A. § 1104.

■ ¶ 9 Similarly, Appellant's claim that the court did not consider his personal life situation of having a drug problem does not raise a substantial question. *Commonwealth v. Petaccio,* 764 A.2d 582, 587 (Pa.Super.2000) (providing, "an allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate"; "such a challenge goes to the weight accorded the evidence and will not be con-

sidered absent extraordinary circumstances") (citation omitted); *Kraft,* 737 A.2d at 757 (finding that defendant's argument that the court did not adequately consider her personal life situation as a grandmother who had to provide care for a small child did not raise a substantial question so as to permit appellate review of the discretionary aspects of her sentence); *Commonwealth v. Palmer,* 700 A.2d 988, 994 (Pa.Super.1997), *overruled on other grounds, Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998) (*en banc*) (holding that an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question).

■ ¶ 10 Although the sentencing court need not explain deviation from the guidelines where they do not apply, the court is required, pursuant to Pa. R.Crim.P. 1409(C)(2) to state on the record the reasons for the sentence imposed. *Commonwealth v. Philipp,* 709 A.2d 920, 922 (Pa.Super.1998). Here, the court, on the record, explained:

[Appellant], in sentencing you as we have on these offenses, we have advised you of the degree that these sentences are, what the maximum sentences could have been. We have also advised you—we have also taken into consideration the number of offenses to which you have entered pleas. We have before us a pre-sentence report that our Adult Probation Department has furnished us, and we have considered that mattes [sic] contained in the pre-sentence report. We have taken into consideration your rehabilitative needs along with the gravity of these offenses, and we have taken into consideration the particular facts in these cases, and we feel that any lesser sentence would depreciate from the seriousness of these crimes. You are in need of correctional treatment that can

most effectively be provided by your being committed to an institution, and we hereby hope that you are able to receive the rehabilitation that you have asked for while you are committed to a state institution. These are the reasons that we have sentenced you as we have sentenced you as we have this morning upon revocation of your [probation].

N.T., 4/11/00, at 8–9. Clearly, the court has complied with the requirements of Pa. R.Crim.P. 1409. Thus, because we find that the court has properly considered the appropriate factors in fashioning its sentence, and the sentences do not exceed the statutory maximums, we fail to find that the trial court abused its discretion in revoking Appellant's probation and imposing the terms of imprisonment at issue.

¶ 11 Judgment of sentence affirmed.