J. S71012/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
v.           :
:
ANTHONY COLLIER,        :      No. 2093 WDA 2014
:
Appellant    :

Appeal from the Judgment of Sentence, November 20, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0013135-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:   **FILED FEBRUARY 19, 2016**

Anthony Collier appeals from the judgment of sentence of November 20, 2014, following revocation of his probation.  We affirm.

The trial court has set forth the relevant procedural history of this matter as follows:

> [Appellant] was charged with Stalking[Footnote 1] and Scattering Rubbish Upon Land[Footnote 2] in relation to an incident with his ex-girlfriend, Chelsea Lipscome, who had an active PFA against him.  He appeared before this Court on [February] 10, 2014 and, pursuant to a plea agreement with the Commonwealth whereby the Stalking charge was reduced to a first-degree misdemeanor, pled guilty to all charges.  He was immediately sentenced to a term of probation of two (2) years and a no-contact order was imposed.  No Post-Sentence Motions were filed and no direct appeal was taken.
>
> [Footnote 1] 18 Pa.C.S.A. § 2709.1(a)(1)

[Footnote 2] 18 Pa.C.S.A. § 6501(a)(1)

[Appellant] next appeared before this Court on November 20, 2014 for a probation violation hearing. Upon finding that [appellant] had been convicted of the additional charges of Stalking and Harassment at CC 201407600 for another incident with the same victim, that he had tested positive for marijuana and failed to pay restitution to the victim, this Court revoked [appellant]'s probation and imposed a term of imprisonment of two (2) to four (4) years. A timely Motion to Reconsider Sentence was filed and was denied on December 3, 2014. This appeal followed.

Trial court opinion, 4/28/15 at 1-2.

Appellant has raised the following issue for this court's review:

I.   In revoking [appellant]'s probation and re-sentencing him to a sentence of total confinement of 2-4 years['] state incarceration, whether the trial court abused its sentencing discretion when the requirements of 42 Pa.C.S.A. § 9721 (Sentencing Generally) were not met?

Appellant's brief at 4.

The record indicates that on the very day appellant was released from county jail, he contacted the victim. In addition, appellant admitted to smoking marijuana while incarcerated and failed to pay restitution. (Notes of testimony, 11/20/14 at 2-3.)

The sentence imposed following the revocation of probation "'is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.'" ***Commonwealth v.***

***Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001), quoting ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000) (other citations omitted).  In imposing a state sentence, the trial court found that appellant's conduct, including the new charges and using drugs while in the Allegheny County Jail, indicated he was not amenable to rehabilitation and was not a candidate for county supervision.  (Notes of testimony, 11/20/14 at 7-8.)  ***See*** 42 Pa.C.S.A. § 9771(c) (sentence of total confinement may be imposed if, ***inter alia***, the defendant has been convicted of another crime or his conduct indicates that it is likely that he will commit another crime if he is not imprisoned).  We find the trial court did not abuse its discretion in revoking appellant's probation and imposing a sentence of 2-4 years' incarceration.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016