J-S29039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTIS LEE BOYD | : | |
| | : | |
| Appellant | : | |
| | : | No. 1697 WDA 2015 |

Appeal from the PCRA Order September 8, 2015
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s): CP-02-CR-0001335-1991

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 21, 2016**

Appellant, Otis Lee Boyd, appeals *pro se* from the order of the Allegheny County Court of Common Pleas dismissing his fourth Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant contends the trial court judge "departed from his clear line of duty to remain impartial when through questions he established before the fact-finders that 'crack cocaine' was 'water insoluble.'" Appellant's Brief at 7. We affirm.

A prior panel of this Court set forth the procedural posture of this case as follows:

> A jury found [Appellant] guilty of first-degree murder and not guilty of robbery on March 31, 1992. The trial court sentenced [him] to life in prison after the jury was unable

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

to agree on whether to impose the death penalty. This Court affirmed the judgment of sentence on December 15, 1995, and our Supreme Court denied a petition for allowance of appeal on August 16, 1996. *See Commonwealth v. Boyd*, 674 A.2d 311 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 682 A.2d 306 (Pa. 1996). The Supreme Court of the United States denied a petition for a *writ of certiorari* on January 13, 1997. *See Boyd v. Pennsylvania*, 519 U.S. 1092 (1997).

[Appellant] filed his first PCRA Petition on July 31, 1997. The PCRA court appointed [him] counsel and counsel eventually filed an amended PCRA Petition of December 12, 2003. The PCRA court dismissed the Petition. This Court affirmed the dismissal and the Supreme Court denied a petition for allowance of appeal. *See Commonwealth v. Boyd*, 895 A.2d 645 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 931 A.2d 655 (Pa. 2007). On August 21, 2007, [Appellant] filed a Motion for discovery and inspection, production, and DNA testing.[1] This Motion was denied on September 14, 2007. [Appellant] did not file an appeal from this denial.

---

1 We will treat [Appellant's] Motion as his second PCRA Petition as the PCRA provides the exclusive remedy for post-conviction claims. *See* 42 Pa.C.S.A. § 9542; *Commonwealth v. Lantzy*, 736 A.2d 564, 569-70 (Pa. 1999)

*Commonwealth v. Boyd*, 234 WDA 2010 (unpublished memorandum at 1-2) (Pa. Super. Apr. 18, 2011).

Appellant filed a third PCRA petition on September 28, 2009. The PCRA court dismissed the petition on January 7, 2010. This Court affirmed the dismissal on April 18, 2011. *See id.* The Supreme Court denied the petition for allowance of appeal on November 10, 2011. *See Commonwealth v.Boyd*, 32 A.3d 1274 (Pa. 2011). Appellant filed the

J-S29039-16

instant PCRA petition on June 24, 2015. He filed a supplemental motion in support of the PCRA petition on July 14, 2015. The PCRA court dismissed the petition, after issuing a Pa.R.Crim.P. 907 notice, and this appeal followed.[2]  Appellant raises the following issue for our review:

> Whether the trial court erred in its fraudulent advocacy of an evidentiary fact establishing crack cocaine as water insoluble and thereafter having it corroborated by an expert witness for the Commonwealth proof in a reasonable mind of an impropriety motivating the court's exercise of jurisdiction over facts upon which newly discovered evidence is predicated without meeting **any** due process requirements as clarified under title 42 § 9545(b)(1)(ii) that state that a court must first determine when an Appellant first learned of the facts upon which the claim is predicated and rather with the exercise of due diligence it could have been found sooner?

Appellant's Brief at 3.[3]

---

[2] In the instant case, the notice of appeal is docketed as filed with the Superior Court on October 9, 2015, beyond the thirty day appeal period from the September 8, 2015 order. **See** Pa.R.A.P. 903(a); **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (noting "questions of jurisdiction may be raised *sua sponte*").  However, *pro se* Appellant is incarcerated. The notice of appeal is dated by Appellant as having been served on September 29, 2015 and Appellant attached a cash slip for documentation.  It is well settled the "prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). Thus, we adopt September 29th as the date of filing and conclude the present appeal is timely. **See id.** at 40.

[3] We note that Appellant's argument, in support of the issue raised on appeal, consists solely of the following paragraph, reproduced verbatim:

> Had the jury been informed that crack cocaine was water insoluble and that Dennis Logan had a tendency to instruct the Commonwealth's witnesses to testify falsely

- 3 -

When analyzing the dismissal of a PCRA petition, "an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

Preliminarily, we consider whether Appellant's supplemental motion to his PCRA petition is properly before this Court. In *Commonwealth v. Porter*, 35 A.3d 4 (Pa. 2012), the Pennsylvania Supreme Court opined:

> Our procedural Rules contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A).[4] And, it is true that Rule 905 does not explicitly distinguish between initial and serial petitions. However, [the] appellant is mistaken in arguing that Rule 905 amendments are self-authorizing, *i.e.*, that a petitioner may simply "amend" a pending petition with a supplemental pleading. Rather, the Rule

> then the results of Appellant trial would have been different. And for any Jury to learn that a judge instructing it would conspire with a witness to strike foul blows to insure Appellant's guilty verdict would had been an appearance of an impropriety with enough weight to alter the trial's outcome.

Appellant's Brief at 13.

[4] Rule 905(A) provides as follows: "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A).

explicitly states that **amendment is permitted only by direction or leave of the PCRA court**.

*Id.* at 12 (emphasis added). In the case *sub judice*, Appellant was neither directed nor granted leave by the PCRA court to file the supplement to the PCRA petition. Therefore, it is not properly before us. ***See id.***

We next consider whether the instant PCRA petition is timely. The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of

- 5 -

the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60– day requirement of Section 9545(b) **if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier**.

***Commonwealth v. Marshall***, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted and emphasis added).

In ***Commonwealth v. Edmiston***, 65 A.3d 339 (Pa. 2013), the Pennsylvania Supreme Court found the appellant's claim that he was unable to obtain statements from two witnesses did not satisfy Section 9545(b)(1)(ii). ***Id.*** at 350. The ***Edmiston*** Court opined:

> [The a]ppellant has not addressed why he was unable to obtain these statements and present them at an earlier date with the exercise of due diligence. As he was required to file his claims within 60 days of when they could have been presented, and has not explained why he could not have presented these claims earlier, *i.e.*, during his first PCRA petition, they are untimely.

***Id.*** (citation omitted).

Appellant was sentenced on April 2, 1992. This Court affirmed his judgment of sentence on December 15, 1995. ***See Commonwealth v. Boyd***, 370 Pitts. 1994 (unpublished memorandum) (Pa. Super. Dec. 15, 1995). On August 16, 1996, the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Boyd***, 682 A.2d 306 (Pa. 1996). On January 13, 1997, the United States Supreme Court denied his petition for writ of *certiorari*. ***See Boyd v. Pennsylvania***, 519 U.S. 1092 (1997). Appellant's judgment of sentence became final on January 13,

1998. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); *see also* U.S. Sup. Ct. R. 13(1). Appellant had until January 13, 1998, to file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition must be filed within one year of date judgment becomes final). Therefore, because he filed the instant PCRA petition on June 24, 2015, his petition is untimely.

Appellant avers as follows:

> On April 7, 2015, Appellant discovered the following exculpatory evidence during a KDKA News report wherein district Attorney Steven Zappala reported that a test performed on an Officer's blood found that the metabolites found therein proved that he was not intoxicated at a specific time.

> On May 3, 2015, Appellant discovered the following exculpatory evidence through hearsay of a news report on KDKA on April 18, 2015, a report in which a Federal Judge said that Dennis Logan and other Officers could be sued for suborning a witness to commit perjury or testify falsely in a court.

Appellant's Brief at 11.

Appellant contends he discovered exculpatory evidence. Appellant did not explain why he could not have presented this evidence earlier with the exercise of due diligence. *See Edmiston*, 65 A.3d at 350. Appellant did not plead and prove any exception to the PCRA's timeliness requirement. *See Marshall*, 947 A.2d at 719-20. The PCRA court did not err in dismissing his

PCRA petition as untimely. **See Pitts**, 981 A.2d at 878; **Marshall**, 947 A.2d at 719-20. Thus, the PCRA court lacked jurisdiction to consider Appellant's claims. **See Davis**, 86 A.3d at 887.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2016