J-S13019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL HOLLEY | |
| Appellant | No. 190 EDA 2015 |

Appeal from the Judgment of Sentence November 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004651-2013

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED APRIL 06, 2017**

Michael Holley appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction for arson after the trial court denied his motion to suppress the evidence of his identification at a show-up. Upon review, we quash the appeal.

The salient facts of this matter are as follows. A fire and shooting occurred in the early morning at 1534 Foulkrod Street, Philadelphia on December 27, 2012. An eyewitness observed a man at the scene and gave physical and clothing descriptions, including that the man was wearing a pink shirt and black pants. A police officer stopped Holley because he matched the descriptions provided by the eyewitness. The officer detained

_____

[*] Former Justice specially assigned to the Superior Court.

Holley and conducted a "show-up" for identification purposes. Holley also admitted to being at the scene.

The trial court noted that

[Holley] was arrested and charged with multiple counts of [a]ttempted [m]urder, [a]ggravated [a]ssault, [p]ossession of [i]nstrument of [c]rime (PIC), [a]rson and other related offenses. At his hearing on November 4, 2014, [Holley] brought a motion to suppress his stop, his identification, and all evidence recovered[.] . . . After hearing the evidence presented, Judge [Robert P.] Coleman denied the motion. [Holley] then proceeded to a jury trial which began on [April 3, 2014]. [T]he jury found [Holley] guilty of the [aforementioned] offenses. On November 21, 2014, [Holley] proceeded to sentencing before this [court,] where he was sentenced to nine[-]and[-]a[-]half to nineteen years['] incarceration [for a]ttempted [m]urder, two[-]and[-]a[-]half to five years['] incarceration [for] PIC, and eight[-]and[-]a[-]half to seventeen years['] [for a]rson, all other related offenses merged. The sentences were all to run consecutive[ly] for a total sentence of twenty[-]and[-]a[-]half to forty-one years['] incarceration. [Holley's] [m]otion for [r]econsideration of his sentence was denied by the [c]ourt on December 3, 2014.

[Holley] filed this [] appeal of the [c]ourt's decision on January 5, 2015. On January 20, 2015, this [c]ourt ordered [Holley] to file a concise statement of the matters complained of on appeal pursuant to [Pa.R.A.P.] 1925(b). After several motions requesting an extension of time, [Holley] finally filed his 1925(b) [s]tatement with the [c]ourt on May 26, 2015. [Holley] argues that his [m]otion to [s]uppress should not have been denied by Judge Coleman and that this [c]ourt gave him an excessive sentence on the charges of PIC and [a]rson.

Trial Court Opinion, 8/3/15, at 1-2.

On appeal, Holley limits the issue presented for our review to whether "the lower court err[ed] by holding that the police had lawfully seized [Holley] prior to the show-up identification from the alleged eyewitness?"

- 2 -

Appellant's Brief, at 4. Before we reach the merits of the issue Holley presents, however, we first must address whether we have jurisdiction to consider his appeal. Instantly, Holley filed an untimely notice of appeal, which raises a jurisdictional issue that we may consider *sua sponte*. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa. Super. 2001).

Holley's judgment of sentence was entered on November 21, 2014, giving him until December 21, 2014, to file a timely notice of appeal. **See** Pa.R.A.P. 903 (appellant has 30-day period to file notice of appeal in this Court from final order). Holley did not file his notice of appeal until January 5, 2015. We note that the filing of a motion for reconsideration does not toll the 30-day period unless the trial court expressly grants reconsideration, which it did not do in this matter. **See Coolbaugh**, **supra** at 791. It is inconsequential whether the trial court believed that the 30-day period to file the notice of appeal began to run from the entry of the order denying the motion for reconsideration. **See** Trial Court Opinion, 8/3/15, at 2 (stating that "[Holley] filed this **timely** appeal") (emphasis added)). Moreover, Holley's notice of appeal nevertheless would have been untimely, since 30 days from December 3, 2014, fell on January 2, 2015. Thus, for the foregoing reasons, Holley's notice of appeal was untimely filed and we are without jurisdiction to consider his appeal. **Coolbaugh**, **supra**; Pa.R.A.P. 903.

Appeal quashed. Application for Remand denied.

FITZGERALD, J., Did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2017