J-S63011-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DONALD LEE HOWES, JR. | |
| Appellant | No. 1700 WDA 2016 |

Appeal from the Order October 5, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000259-2012

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    FILED OCTOBER 17, 2017

Donald Lee Howes, Jr. challenges the PCRA court's denial of relief. We

affirm.[1]

_____

[1] The trial court docket states that Appellant filed with this Court a notice of appeal on June 24, 2016, and a motion to appeal nunc pro tunc on June 30, 2016. There is no notice of appeal in the certified record. This Court referred the motion to appeal nunc pro tunc to the Clerk of Courts of Fayette County on June 30, 2016, for adjudication by the trial court. The PCRA court did not rule on the motion at that time.

On July 25 and 28, 2016, the PCRA court issued orders amending Appellant's sentence and granting him credit for time served. At that point, the December 1, 2015 order granting PCRA relief in part and denying it in part became final and appealable. On October 5, 2016, the court denied Appellant permission to appeal, cryptically citing its intervening July orders as the reason for the denial.

(Footnote Continued Next Page)

On January 26, 2012, at approximately 10:54 p.m., Sergeant John Brant of the Brownsville Police Department was in uniform and operating an unmarked police vehicle on High Street in Brownsville Borough. He was following a 1986 white Buick LeSabre being driven by Appellant. He noticed that, when the driver applied his brakes, the center brake light did not illuminate. The officer initiated a traffic stop and the driver stopped the vehicle in a restaurant parking lot. He obtained basic information from the driver, returned to his vehicle and ran an NCIC search.[2] It revealed that Appellant did not possess a valid driver's license.

Sergeant Brant again approached the vehicle and spoke to Appellant about the lack of a valid license. After ascertaining that the passenger, Denise Howes, did not have a valid driver's license, the officer advised Appellant that the vehicle would be towed and he would receive a citation for the brake light and the suspension violation issue in the mail. Appellant asked the officer not to tow his vehicle as it would cause financial hardship.

(Footnote Continued) ————————————

Appellant filed the within appeal on November 4, 2016, purportedly from the order denying his pro se motion to appeal nunc pro tunc. Although his appeal properly lies from the July 28, 2016 order amending his sentence and granting him credit for time served, it appears that Appellant was not present at the re-sentencing, nor advised of his right to appeal within thirty days. We view the lack of such notice as a breakdown in the court system that excuses his failure to appeal within thirty days of that final order. See Commonwealth v. Coolbaugh, 770 A.2d 788 (Pa.Super. 2001). Thus, we will exercise our jurisdiction to hear this appeal.

[2] The NCIC is the National Crime Information Center.

Since they were located in a parking lot, the officer agreed to allow Appellant to park his car and either walk or obtain a ride, which Appellant agreed to do.

Sergeant Brant left the scene. Although he had detected a slight odor of alcohol while speaking with Appellant, he did not investigate for a possible DUI since Appellant would not be driving. The officer drove to the other end of High Street and turned around. When he was within one block of where he initially stopped Appellant, Appellant passed him in his vehicle, driving in the opposite direction. The officer turned around in the restaurant parking lot and followed Appellant. After Appellant made a left turn onto a side street, Sergeant Brant activated his emergency lights. Appellant did not pull over. After several more turns, the officer also activated his siren, but Appellant continued to drive. Eventually, Appellant pulled his vehicle into his driveway. The officer exited his vehicle, approached Appellant, and advised him that his vehicle would be towed. Appellant became upset and the officer placed him in handcuffs.

During the prolonged interaction with Appellant, Sergeant Brant determined that Appellant was under the influence of alcohol to a degree that he was DUI. Upon closer observation, he testified, Appellant exhibited glassy eyes and he staggered while walking. Appellant was argumentative and uncooperative one moment, calm the next, and then irate. The officer

formed the opinion that Appellant was under the influence to a degree that he was impaired.

After being advised of the consequences, Appellant refused a blood test. He was placed under arrest and transported to the police station, where he refused to perform a field sobriety test. Sergeant Brant charged Appellant with fleeing or attempting to elude a police officer, driving under the influence, driving with a suspended license, habitual offenders, and the vehicle lighting violation. The case proceeded to a jury trial commencing August 8, 2013. At trial, the defense stipulated to Commonwealth Exhibit Two, the Pennsylvania Department of Transportation Bureau Of Driver's Licensing Certified Driving History, revealing inter alia that Appellant was a habitual offender. A videotape of the second stop was marked, admitted and shown to the jury. The chemical test refusal, marked as Commonwealth Exhibit One, and the two other exhibits were admitted without objection.

The jury found Appellant guilty of fleeing or attempting to elude a police officer, driving under the influence, and habitual offenders. The trial court found him guilty of driving with a suspended license; Appellant pled guilty to the brake light violation. Appellant filed a timely direct appeal. His sole claim was that trial counsel was ineffective in permitting Appellant's "driver record to be taken into the jury deliberation room." Commonwealth v. Howes, 2014 Pa. Super. Unpub. LEXIS 2929 *1 (Pa.Super. 2014) (judgment order). Relying upon Commonwealth v.

- 4 -

Holmes, 79 A.3d 562 (Pa. 2013), this Court dismissed his appeal without prejudice to raise the ineffectiveness claim in a timely filed PCRA petition, and affirmed judgment of sentence.

Appellant filed a timely pro se PCRA petition on June 23, 2015. Counsel was appointed, and she filed an amended petition on Appellant's behalf. Appellant alleged that trial counsel was ineffective for failing to correct the trial court's erroneous conclusion that he was not Recidivism Risk Reduction Incentive "RRRI" eligible[3] and in permitting Appellant's entire driving history to go out with the jury.[4]

An evidentiary hearing was held on November 25, 2015. In support of his PCRA petition, Appellant testified that his driving record went out with the jury. He stated that trial counsel, Brian Salisbury, objected, but nonetheless the record went out. Id. at 4. At the hearing, Appellant identified a copy of his driving record, testified that it showed that he was charged with homicide by vehicle – DUI, an offense of which he was acquitted. The court pointed out that the record showed a not guilty verdict,

_____

[3] Appellant was acquitted of homicide by vehicle-DUI in 1984, but his driving history record incorrectly showed a conviction of that offense. The error led the trial court to find him ineligible for RRRI, and according to Appellant, prejudiced him in the eyes of the jury.

[4] Commonwealth Exhibit Two, the certified driving history, consisted of twenty-one pages of violations, most of which were alcohol-related, from March 1977 to December 2011.

although our review of Commonwealth Exhibit Two shows a conviction of that offense on July 11, 1986.

The Assistant District Attorney who prosecuted the underlying case, Anthony Iannamorelli, testified that he marked the PennDot certified driving record as an exhibit at trial and that it was admitted. According to Mr. Iannamorelli, after Appellant stipulated that he was a habitual offender, he marked the exhibit solely for record purposes. He did not intend for it to be given to the jury; he had no personal knowledge whether the exhibit actually went out with the jury. N.T. PCRA Hearing, 11/25/15, at 18. Hearsay objections were sustained to questions attempting to elicit the statements made to him by a juror after the verdict to the effect that the jury saw the record. Id. at 12. At the time, Attorney Iannamorelli alerted the court to an issue involving Appellant's driving record, but he did not confirm with the court that the record went out with the jury. At the close of the hearing, counsel for Appellant requested ten days to determine whether another hearing was necessary, and the court agreed to take the matter under advisement. No additional hearing was requested.

On December 1, 2015, the trial court entered an order granting sentencing relief, but denying a new trial based on the claim that counsel was ineffective in failing to prevent Appellant's driving record from going out with the jury as he failed to prove the underlying factual predicate. The order was not served upon Appellant, and was returned to sender on May

- 6 -

13, 2016. On July 18, 2016, the trial court entered an order amending its sentencing order, having recognized that Appellant was eligible for RRRI and that the RRRI minimum sentence was forty-five months. By order dated July 25, 2016, the court further amended its December 1, 2015 order to give Appellant credit for time served from January 17, 2012 to March 2, 2012, and August 9, 2013 to August 16, 2013. By letter mailed to the Clerk of Courts on September 23, 2016, Appellant inquired as to the status of his motion to appeal nunc pro tunc filed June 30, 2016. On October 5, 2016, The court denied Appellant permission to appeal nunc pro tunc.

Appellant filed a notice of appeal from the October 5, 2016 order denying permission to appeal nunc pro tunc on November 4, 2016. He subsequently complied with the court's order to file a Pa.R.A.P. 1925(b) statement. Appellant's only issue on appeal is "Whether the PCRA court erred in not finding defense counsel Brian Salisbury, Esq., ineffective for failing to prevent the Appellant's full driving record from going out with the jury?" Appellant's brief at 3.

Ineffective assistance of counsel will afford relief under the PCRA where, on the facts of a particular case, counsel's actions "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2). The test for counsel's ineffectiveness requires that a defendant satisfy the test set forth in Strickland v. Washington, 466 U.S. 668 (1984), as applied in this

- 7 -

Commonwealth in Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). The petitioner must plead and prove "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error." Id. at 975. Prejudice involves a demonstration that "there is a reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." Commonwealth v. Cousar, 154 A.3d 287, 296-97 (Pa. 2017). The petitioner bears the burden of proving all three facets of the test. The PCRA court found that Appellant failed to prove that the driving record went out with the jury, thus, that there was any merit to the underlying claim.

In reviewing the PCRA court's denial of relief, "[w]e review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error." Cousar, supra at 296 (citations omitted). "Our standard of review of a PCRA court's legal conclusions is de novo." Id.

Our review of the trial transcript reveals the following. When the case was called for trial, defense counsel moved to sever the habitual offenders charge from the remaining charges. He argued that the evidence that would be used to prove his client guilty of that charge "would be so prejudicial to the charge of DUI that it would be in violation of his due process." N.T. 8/8/13, at 4. When the court asked for authority that would permit the court to proceed non-jury on that charge alone, defense counsel

acknowledged that he had none. The court noted counsel's objection and jury selection commenced. There was no discussion regarding whether the driving record would be sent out with the jury.

During trial, the parties entered into a stipulation regarding the driving record, marked as Commonwealth Exhibit Two. It was agreed that, at the time of the incident, Appellant was deemed a habitual offender, and the driving record was admitted into evidence without objection. We have thoroughly reviewed the trial transcript. There was no discussion whether that exhibit would be submitted to the jury, and, contrary to Appellant's representation at the PCRA hearing, defense counsel did not object.[5] The PCRA court found that Appellant failed to prove that the exhibit went out with the jury, i.e., that his underlying claim had arguable merit. We have no basis to disturb that finding, and no relief is due.

Order affirmed.

_____

[5] As Appellant concedes, the decision regarding which exhibits to send into the deliberation room rested with the trial court. See Pa.R.Crim.P. 646 ("the jury may take with it such exhibits as the trial judge deems proper"). If, as Appellant contends, the court overruled a defense objection to the exhibit going out with the jury, Appellant's first recourse would have been to challenge the court's ruling on direct appeal. He did not do so. Failing that, he could have alleged in the instant PCRA petition that appellate counsel was ineffective for failing to raise that issue on direct appeal. Again, he did not, a failure we attribute to the fact that the record simply does not support Appellant's version of the events at trial.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2017