J-A27024-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PHILLIP GRAYSON, | |
| Appellant | No. 169 WDA 2017 |

Appeal from the Judgment of Sentence September 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003163-2015

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.: FILED OCTOBER 20, 2017

For the following reasons, I respectfully dissent from the Majority's decision to quash this appeal.

Pennsylvania Rule of Criminal Procedure 704 directs that, at the time of sentencing, "[t]he judge shall determine on the record that the defendant has been advised of … the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal.…"  Pa.R.Crim.P. 704(C)(3)(a).  Here, at Appellant's sentencing proceeding, the court only stated: "You have the right to appeal the decision of the [c]ourt, the right to have a lawyer represent you.  If you cannot afford a lawyer, I will appoint one to represent you free of charge."  N.T. Plea/Sentencing Hearing, 9/19/16, at 6.  The court did not inform Appellant

of the time within which to file an appeal, or of his right to file a post-sentence motion and the time requirements for doing so.

In addition, the trial court also failed to comply with Pennsylvania Rule of Criminal Procedure 720, which states, in pertinent part:

> (4) Contents of Order. An order denying a post-sentence motion, whether issued by the judge pursuant to paragraph (B)(3)(d) or entered by the clerk of courts pursuant to paragraph (B)(3)(c), or an order issued following a defendant's withdrawal of the post-sentence motion, shall include notice to the defendant of the following:
>
>> (a) the right to appeal and the time limits within which the appeal must be filed;

Pa.R.Crim.P. 720(B)(4)(a). The requirement of this rule "ensures adequate notice to the … [appellant], which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion." Pa.R.Crim.P. 720(B)(4)(a), Comment.

In the present case, the court did not inform Appellant of his right to appeal and the time limits for doing so after orally denying Appellant's post-sentence motion at the hearing on December 7, 2016. See N.T. Hearing, 12/7/16, at 9. Additionally, the written order denying Appellant's post-sentence motion, dated December 7, 2016 and docketed on December 12, 2016, also did not inform Appellant of his appellate rights and the time requirements for filing an appeal.

It is well-established that this Court has the power to overlook an untimely-filed notice of appeal "in the case of fraud or breakdown in the processes of the court." Commonwealth v. Patterson, 940 A.2d 493, 498

(Pa. Super. 2007). We have "held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [the] [a]ppellant of his post-sentence and appellate rights or misadvised him." Id. at 498 (citing, inter alia, Commonwealth v. Coolbaugh, 770 A.2d 788, 791 (Pa. Super. 2001)). Further, we have also found that a "trial court's failure to comply with Rule 720 constitutes a breakdown that excuses the untimely filing of [an] [a]ppellant's notice of appeal." Id. at 500.

Because, in this case, the trial court did not adhere to either Rule 704 or Rule 720, there was clearly a breakdown in the operation of the court that excuses the untimely filing of Appellant's notice of appeal. Accordingly, I dissent.