J-S08001-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAISHA LESETTE SANTIAGO | : | |
| | : | |
| Appellant | : | No. 1450 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 9, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002661-2017


BEFORE:   OLSON, J., McCAFFERY, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY McCAFFERY, J.:     FILED MARCH 30, 2020

I would conclude the trial court's mistaken and improper "grant" of

Appellant's motion for extension of time to file an appeal was a breakdown in

court operations pursuant to Commonwealth v. Coolbaugh, 770 A.2d 788

(Pa. Super. 2000).  Accordingly, I respectfully dissent.

The majority aptly summarizes that in Coolbaugh, this Court found a

breakdown in court operations in the trial court's misstatement, at the

sentencing hearing for a probation revocation, that the defendant had thirty

days from the denial of any post-sentence motion to file an appeal.

Coolbaugh, 770 A.2d at 791, citing Commonwealth v. Coleman, 721 A.2d

798 (Pa. Super. 1998) (filing of post-sentence motion, following revocation of

probation, does not extend appeal period).   The majority, however,

distinguishes the procedural posture in Coolbaugh, emphasizing that here,

the trial court's mistaken action was "granting" Appellant's petition to extend the appeal period. I would not construe Coolbaugh so strictly, and instead would conclude the "granting" of the petition fell under the ambit of a court's "misstatement of the appeal period." See Coolbaugh, 770 A.2d at 791. In purporting to "grant" Appellant's petition, the trial court necessarily conveyed, incorrectly, that the appeal period could be extended. See id.; see also Commonwealth v. Anwyll, 482 A.2d 656, 657 (Pa. Super. 1984) ("Given the trial court's misstatement of the appeal period, appellant's failure to appeal on time would appear to be the result of a breakdown in the court's operation."). Thus, I would not quash Appellant's appeal.