J-A11028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES JEFFREY MCGUINNESS | : | |
| | : | |
| Appellant | : | No. 1818 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 2, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000503-2018

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED SEPTEMBER 01, 2020**

James Jeffrey McGuinness appeals from the judgment of sentence entered for his convictions of Theft by Unlawful Taking or Disposition and Receiving Stolen Property.[1] He challenges the weight of the evidence, admission of evidence, and the discretionary aspects of his sentence. We affirm.

The trial court summarized the facts giving rise to McGuinness's convictions as follows:

> In November of 2017, Treesmith's Utility Arborists ("Treesmith's") was performing work in the Berks County area. During the course of performing the work, Treesmith's reached out to the Cabela's outdoor sporting goods store ("Cabela's") in Tilden Township, Berks County, who allowed Treesmith's to park its vehicles, including eight bucket

---

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3921(a) and 3925, respectively.

trucks with hitch-attached woodchippers, in an adjacent parking lot. On the morning of November 29, 2017, the Treesmith's work crew returned to the parking lot and found one of its woodchippers had been detached from its corresponding truck and was missing. A GPS device was installed on the missing woodchipper and upon contacting the main office, Treesmith's employees found two addresses identified as pinging on the GPS system. The missing woodchipper pinged to the 1600 block of New Holland Road in Reading, Pennsylvania and the 400 block of Greenwood Avenue in Pottsville, Pennsylvania[.]

Treesmith's employees concurrently contacted police, to which the Pennsylvania State Police (PSP) responded and began its investigation. Upon receiving the GPS ping coordinates information from Treesmith's, the PSP notified local law enforcement in each of the respective corresponding ping locations. Officers from the Pottsville Police Department were subsequently dispatched to the Greenwood Avenue location in Pottsville. While en route, officers were likewise notified by an off-duty Pottsville police officer that she was at the Greenwood location with a vehicle and woodchipper attached. Upon arriving, [McGuinness] approached the responding officer and informed the officers that he owned the vehicle to which the woodchipper was attached. [McGuinness] stated to police officers that he had rented the woodchipper from an individual Wyomissing, Pennsylvania, but could not provide an exact location or full name of the individual from whom he had rented the woodchipper. Police inspected the attached woodchipper and confirmed that the vehicle identification number matched the one from the missing Treesmith's woodchipper and located a company logo on the woodchipper that had been covered by a Pittsburgh Steelers magnet that [McGuinness] admitted had come from his truck.

[McGuinness] and another individual, Vilchek, who was in the truck with [McGuinness], were subsequently detained and transported to city hall where police conducted an interview with [McGuinness] and with Mr. Vilcheck. Based upon the investigation and interview, [McGuinness] was thereafter charged.

Trial Ct. Op., filed 12/31/19, at 1-2.

McGuinness raises the following issues before this Court:

> I.   Whether the verdict convicting [McGuinness] of Theft by Unlawful Taking was against the weight of the evidence[?]
>
> II.  Whether the verdict of Theft by Receiving Stolen Property was against the weight of the evidence[?]
>
> III. Whether the trial court abused its discretion at [McGuinness's] sentencing hearing when it imposed a sentence of fifteen (15) months to four (4) years['] incarceration[?]
>
> IV.  Whether the trial court erred in allowing in hearsay testimony when no exception existed?

McGuinness's Br. at 8-9 (suggested answers and answers of trial court omitted).

McGuinness's first two claims challenge the weight of the evidence. He alleges that there was no video evidence giving "definite proof to show who stole the woodchipper." *Id.* at 21. He claims that "there was not enough evidence presented that [McGuinness] had any intention of permanently depriving Treesmith of the woodchipper." *Id.* He also argues that there was "[n]ot enough evidence . . . presented that [McGuinness] knew or should have known that the woodchipper was stolen or that Rico had stolen it." *Id.*

We review the trial court's denial of a challenge to the weight of evidence for an abuse of discretion. *Commonwealth v. Williams*, 176 A.3d 298, 312 (Pa.Super. 2017). A trial judge should grant a new trial based on a weight claim only where "'the evidence [is] 'so tenuous, vague and uncertain that the

verdict shocks the conscience of the court.'" ***Commonwealth v. Bozic***, 997 A.2d 1211, 1223 (Pa.Super. 2010) (quoting ***Commonwealth v. Manley***, 985 A.2d 256, 262 (Pa.Super. 2009) (internal citation omitted)).

McGuinness's weight claims are without merit. The Commonwealth presented ample evidence raising an inference that McGuinness not only knew that the woodchipper was stolen, but also was the one who stole it.

> At trial, the Commonwealth presented testimony that [McGuinness] was found driving a truck with the stolen woodchipper attached to the back of his truck. [McGuinness] admitted to police that he had placed a magnet over the Treesmith's name. Even though [McGuinness] claimed that he had rented the woodchipper from an individual at a location that [McGuinness] could not pinpoint, he failed to mention the same story during his interview. Moreover, the fact that there was another individual in the truck with [McGuinness] does not negate the fact that [McGuinness] was driving the truck to which the stolen woodchipper was attached.

Trial Ct. Op. at 7.

As the trial court explained, the jury "was free to afford the weight and credibility it saw fit to the testimony and evidence presented at trial." ***Id.*** McGuinness's weight claims lack merit.

Next, McGuinness challenges the discretionary aspects of his sentence. Before addressing the merits of the claim, we must first ask whether McGuinness has: (1) preserved the issue before the trial court either at sentencing or in a post-sentence motion; (2) filed a timely notice of appeal; (3) included a Pa.R.A.P. 2119(f) statement in his appellate brief; and (4)

raised a substantial question. ***See Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa.Super. 2013).

Here, McGuinness filed a post-sentence motion, a timely notice of appeal, and has included a Rule 2119(f) statement. In his Rule 2119(f) statement, McGuinness alleges that "[t]he sentencing court did not adequately consider [McGuinness's] health needs, his being crime - free for more than 12 years, and his volunteer work," and claims the sentence is therefore excessive. McGuinness's Br. at 19. Having satisfied the first three factors, we look to whether McGuinness has raised a substantial question.

A substantial question exists where "'the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010)). McGuinness's argument that the trial court failed to adequately consider the sentencing factors and claim that his sentence is excessive does not raise a substantial question. ***See Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001) (concluding no substantial question raised where appellant claimed excessive sentence and court failed to adequately consider sentencing factors).

Even if McGuinness had raised a substantial question, we nevertheless would reject the claim as meritless. McGuinness maintains that "[i]n the present case, the sentence imposed does not reflect consideration of the

mitigating factors presented to the sentencing court." McGuinness's Br. at 24. He lists these mitigating factors as "McGuinness's last conviction occurred 12 years before the present incident took place, which was 2005. McGuinness also is a volunteer at Pottsville Area Soup Kitchen." *Id.* He notes that he had several health issues and the impact on the victim in this case was minimal because the woodchipper was recovered within 24 hours of being reported stolen. *See id.*

This claim fails. Where a trial court has the benefit of a pre-sentence investigation report ("PSI"), "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

Here, the trial court stated at sentencing that it had a PSI. N.T., Sentencing, 10/16/19, at 3. Defense counsel notified the court of McGuinness's health problems, "that his most recent offense was from 2005," and that he had volunteered at a soup kitchen. *Id.* at 5. The court then identified on the record all of the factors it had considered in determining an appropriate sentence:

> I've taken into account the testimony, obviously, that was given yesterday and the jury's verdict which is of course, paramount;
>
> I've taken into account the PSI and [McGuinness's] prior record;

I've taken into account the provisions of the sentencing guidelines, I'm cognizant of the fact that [McGuinness's] record there's nothing terribly recent about [McGuinness's] record, but, there are serious offenses on [McGuinness's] record and even an old record constitutes the record;

[McGuinness's] conduct upon being discovered in possession of the stolen property here was first to make up a story, which, apparently, no one believed, nor should they have because it was totally incredible and it kept changing in an effort to stave off responsibility for what happened here;

And the assertion that [McGuinness's] medical condition or conditions entitles him in some way to a less – a significantly lesser sentence in the mitigated range and in the county as opposed to the state simply is an argument that – that carries little weight.

*Id.* at 6-7.

The record is clear that the trial court did in fact consider McGuinness's mitigating factors and we cannot say that the court abused its discretion in imposing sentence. McGuinness's claim is meritless.

McGuinness's last claim is an evidentiary challenge. He alleges that the trial court erroneously admitted hearsay testimony that did not fall under any hearsay exception. He claims the court allowed hearsay within hearsay when it admitted Ryan's testimony about the GPS information that a third person gave him. McGuinness's Br. at 27. He maintains that admission of this testimony was harmful because "it was considered as substantive evidence, without the ability to cross-examine the declarant." *Id.* at 28.

"[W]e will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion."

***Commonwealth v. Flamer***, 53 A.3d 82, 86 (Pa.Super. 2017). "Hearsay is an out of court statement offered for the truth of the matter asserted and is inadmissible unless it falls within an exception to the hearsay rule." ***Commonwealth v. Wade***, 226 A.3d 1023, 1033 (Pa.Super. 2020) (citation omitted); Pa.R.E. 801(c). Hearsay within hearsay, or "double hearsay," exists where there is "[a]n out-of-court declaration containing another out-of-court declaration[.]" ***Commonwealth v. Laich***, 777 A.2d 1057, 1060 (Pa. 2001). "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Pa.R.E. 805.

As the trial court explained, the testimony was not hearsay at all because the Commonwealth did not offer it for the truth of the matter asserted. Rather, the testimony about the GPS data served to explain the course of the police investigation. N.T., Trial, 11/27/19, at 65. The trial court properly admitted the evidence and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2020