J-S12008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CASPER LESHUN EDWARDS | : | |
| | : | No. 629 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence March 20, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001979-2007

BEFORE: LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 04, 2018**

Casper Leshun Edwards appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County. On appeal, Edwards claims that the sentencing court abused its discretion when it sentenced him to three to six years' incarceration in a state correctional facility and a consecutive term of six years' probation for a probation violation. We affirm.

On September 15, 2018, Edwards entered in a plea of nolo contendere to two counts of aggravated indecent assault[1] (person less than 13 years old) and two counts of unlawful contact with minors/sexual offenses.[2] On January

---

[1] 18 Pa.C.S. § 3125 (a)(7).

[2] 18 Pa.C.S. § 3125 (a)(1).

22, 2009, the sentencing court sentenced Edwards to two to five years' incarceration to be served consecutively to a term of five years' probation.

The sentencing court also ordered as special conditions that Edwards have no contact with the victims, undergo and cooperate with a Megan's Law Evaluation, follow all rules and conditions for sex offenders, including restrictions on contact with minors, follow restrictions on computer and phone use, and successfully complete any recommended sex offender counseling which may include therapeutic polygraph tests.

On March 20, 2017, Edwards appeared before the trial court for a revocation hearing. At the hearing, John Allen Welsh, a psychotherapist with the Commonwealth Clinical Group, testified that he worked with Edwards for several years. Welsh testified that in May 2015, Edwards was unsuccessfully discharged, for the first time, due to six consecutive unexcused absences from his therapy sessions that were missed for various reasons. However, the Dauphin County Office of Probation provided funding for Edwards to return to treatment on June 11, 2015, and remain in compliance with the sentencing court's special conditions.

In November 2016, Edwards began to miss approximately one-third of his weekly therapy sessions, and he did not provide a reason for the absences to his therapists. Although Edwards claims that he missed the therapy sessions because he had a stroke in September 2016, he provided no evidence of medical treatment for the missed sessions in November and December of 2016. Edwards was unsuccessfully discharged, for the second time, on

December 20, 2016 due to his absences. Additionally, Edwards had not completed a therapeutic polygraph test since June 2015 because of his absences from therapy. The sentencing court found Edwards to be in violation of the conditions of his probation, revoked his prior sentences, and resentenced him to three to six years' incarceration and a consecutive term of six years' of probation.

On March 30, 2017, Edwards filed a timely motion to modify sentence pursuant to Pa.R.Crim.P. 720. On April 6, 2017, Edwards filed a timely notice of appeal.[3] On May 1, 2017, Edwards filed a concise statement of errors complained of on appeal pursuant to Pa.R.C.P. 1925(b).

Edwards raises one issue for our review:

> Whether the trial court abused its discretion when it denied [Edwards'] petition to modify sentence where [Edwards'] aggregate sentence of 3 to 6 years' followed by 6 years' of state probation was excessive in light of lack of other probation violations and [Edwards'] rehabilitative needs?

Brief of Appellant, at 6.

_____

[3] Due to Edwards filing a notice of appeal before the sentencing court issued a decision on his motion to modify sentence, on May 19, 2017, this Court directed Edwards to show cause why the instant appeal should not be dismissed as premature pursuant to Pa.R.Crim.P. 720 (no direct appeal may be filed while post-sentence motion is pending). On May 22, 2017, Edwards responded to the show-cause order, stating that because his appeal followed the revocation of probation, the appeal is governed by Pa.R.Crim.P 708(E) (filing of motion to modify sentence after revocation of probation will not toll 30-day appeal period). On June 2, 2017, this Court vacated the show-cause order and Edwards' appeal is considered timely.

Edwards challenges the discretionary aspects of his sentence. Before this court can address such a challenge, Edwards must comply with the following four-part test:

> Whether appellant has filed a timely notice of appeal, **See** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at the sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Instantly, Edwards filed a timely notice of appeal and preserved his issues in a motion to modify sentence. Additionally, Edwards' brief includes a statement of reasons relied on for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P 2119(f). **See** Appellant's Brief at 9. We must now determine whether Edwards' claim presents a substantial question.

Whether a challenge to a sentence amounts to a substantial question is determined on a case-by-case basis. A substantial question exists only when the appellant advances a plausible argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011).

When imposing a sentence, the sentencing court must follow the general principles that the sentence imposed should call for "confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A § 9721(b).

A claim that the sentencing court failed to consider the defendant's rehabilitative needs, and that the sentence was manifestly excessive, does not raise a substantial question. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa. Super. 2001). However, a defendant may raise a substantial question where he claims that the sentence is manifestly excessive such that it constitutes too severe a punishment if he articulates the manner in which the sentence is inconsistent with the Sentencing Code, or is contrary to its norms. *Commonwealth v. Mouzon*, 812 A.2d 617, 624-25 (Pa. 2002).

Additionally,

In determining whether a substantial question exists, this court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Here, Edwards asserts that the sentence imposed by the sentencing court is manifestly excessive such that it constitutes too severe a punishment in light of his rehabilitative needs. However, Edwards submitted his Rule

2119(f) statement without including an argument supporting his claim, and only set forth pronouncements of conclusions of law. **See Commonwealth v. Kelly**, 33 A.3d 683, 640 (Pa. Super. 2011) (where appellant's brief is devoid of argument on claim that sentence is manifestly excessive such that it constitutes too severe punishment, claim is waived). **See also Commonwealth v. Goggins,** 748 A.2d 721, 727 (Pa. Super. 2000), quoting **Commonwealth v. Martin**, 727 A.2d 1136, 1143 (Pa. Super. 1999) (when Rule 2119(f) statement "contains incantations of statutory provisions and pronouncements of conclusions of law" it is inadequate). Therefore, Edwards did not raise a substantial question so as to permit review of the discretionary aspects of his sentence.[4]

Judgment of sentence affirmed.

---

[4] Even if Edwards had raised a substantial question, the sentencing court did not abuse its discretion when it sentenced Edwards, and therefore, the judgment of sentence would still be affirmed. The sentencing court is granted broad discretion, as it is in the best position to determine the proper penalty for the offense. **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2017). Additionally, Edwards did not establish that the sentencing court arrived at a manifestly unreasonable decision because the sentencing court considered his lack of prior violations and all rehabilitative factors during sentencing. The sentencing court concluded that Edwards did not take his probation seriously when he failed to attend four consecutive therapy sessions, and missed thirty-three percent of his total therapy sessions. N.T. Resentencing, 3/20/17, at 17.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2018