J-S48029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM WARD | : | |
| | : | |
| Appellant | : | No. 2284 EDA 2017 |

Appeal from the Judgment of Sentence June 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013019-2008

BEFORE: DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 05, 2018**

William Ward (Appellant) appeals from the judgment of sentence imposed following the revocation of his probation. Upon review, we affirm.

The trial court summarized the factual and procedural background as follows:

> On December 14, 2009, [Appellant] entered into an open guilty plea to ethnic intimidation, graded as a felony of the first degree, and conspiracy to commit aggravated assault, graded as a felony of the second degree. A presentence sentence report was ordered and sentencing was deferred several times until February 7, 2011.
>
> [The trial court] sentenced [Appellant] to 11½ to 23 months county incarceration, plus five years reporting probation on both counts to run concurrent. In addition, this sentence was to run concurrent with the sentence [Appellant] was serving for Judge Bronson, with credit for time served. As conditions of sentence, [the trial court] ordered [Appellant] to complete anger management treatment, undergo random urinalysis, obtain a GED, complete job training, seek and maintain employment, stay out of trouble with the law, stay away from the complainant and

_____

* Retired Senior Judge assigned to the Superior Court.

his wife, and pay mandatory court costs and supervision fees at a rate of $40 per month. No appeal was filed.

While serving probation, [Appellant] was arrested on April 29, 2016 and charged with possession of a controlled substance with intent to deliver (PWID) and conspiracy. [Appellant] was sentenced on that case on May 22, 2017 by Judge McCaffery to 1½ to 3 years state incarceration, plus 4 years reporting probation.

A violation of probation hearing was held on June 12, 2017 . . . . [The trial court] read and incorporated the report of the Probation Department, dated 5/25/2017, into the record. The [c]ourt noted that at the time of arrest, [Appellant] was employed but had not paid court costs or completed vocational training or anger management treatment, which was necessitated by the nature of the ethnic intimidation. Defense Counsel stated he believed that [Appellant] was doing well on probation prior to the new arrest, requested the [c]ourt "take everything into consideration" and impose a sentence concurrent with the new sentence imposed by Judge McCaffery.

The Commonwealth then elaborated on facts of the new conviction that formed the basis for this direct violation. The underlying offense was possession with intent to deliver $16,000 worth of narcotics. The Commonwealth argued that the amount of drugs indicated that this was neither a part time job nor supplemental income for [Appellant]. [The] Commonwealth also argued that the amount of drugs suggested that [Appellant] did not enter this activity recently and that [Appellant] was carrying out this activity regularly while on [the c]ourt's probation. The Commonwealth recommended the [c]ourt punish the ethnic intimidation more harshly than the PWID due to the higher rate of victimization. As a result, the Commonwealth recommended a sentence of 2 to 4 years' incarceration plus five years of probation.

This [c]ourt asked [Appellant] to recall that when he pled guilty, the maximum possible sentence was 30 years in jail. The [c]ourt noted that [Appellant] served two years, so there were 28 years remaining for which [Appellant] could be sentenced. [Appellant] responded that he knew he made a mistake and that he lost dearly with family and kids. He stated he hoped the [c]ourt would not sentence him to 28 years. [Appellant] did not express remorse for any of his actions.

This [c]ourt found [Appellant] in both direct and technical violation of probation. This [c]ourt revoked probation and imposed a new sentence of five to ten years in state prison on the ethnic intimidation charge, plus five years reporting probation to run consecutive to parole. This sentence was to run consecutive to Judge McCaffery's sentence. On the conspiracy to commit aggravated assault charge, the [c]ourt imposed a new sentence of five years reporting probation, which would run concurrent to the probation for ethnic intimidation. As conditions of the sentence, [Appellant] was ordered to complete anger management treatment, job training, parenting classes, undergo random urinalysis, and pay $40 a month in costs, finds, and supervision fees.

[Appellant filed an unsuccessful motion for reconsideration of his sentence on June 22, 2017.] On July 12, 2017, [Appellant] filed a Notice of Appeal to the Superior Court. On August 2, 2017, upon receipt of the notes of testimony, this [c]ourt ordered appellate counsel to file a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b). Appellate counsel did so on August 24, 2017.

Trial Court Opinion, 9/22/17, at 1-4.

On appeal, Appellant presents two questions for our review:

1. Was not the [trial] court's imposition of a five (5) to ten (10) year sentence of incarceration for violations of probation an abuse of discretion where the court violated the requirements of 42 Pa.C.S.[A]. § 9721(b) of the Sentencing Code where the court failed to give individualized consideration to [A]ppellant's personal history, rehabilitative needs or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of the [A]ppellant?

2. Did not the trial court err and abuse its discretion by sentencing [Appellant] to an excessive period of incarceration?

Appellant's Brief at 4.

These issues challenge the discretionary aspects of Appellant's sentence. "The right to appellate review of the discretionary aspects of a

sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014), **appeal denied**, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), **appeal denied**, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), **appeal denied**, 91 A.3d 161 (Pa. 2014).

Here, Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction. We thus proceed to determine whether he has raised a substantial question. Appellant argues in his 2119(f) statement that the sentence imposed by the trial court was "manifestly unreasonable and excessive." Appellant's Brief at 10. A claim

that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question for our review. ***See Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011).

Our scope of review in an appeal of a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation. ***Commonwealth v. Infante***, 888 A.2d 783, 790 (Pa. 2005). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Ahmad***, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001). However, a re-sentence may not exceed the statutory limits of the sentence, including allowable deductions for time served. ***See id.***

Although Appellant argues that the sentence imposed by the trial court following revocation of probation was excessive, he notably does not argue that the sentence imposed by the court was beyond the maximum. Nor does the record support such an assertion. It is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. ***Commonwealth v. Ware***, 737 A.2d 251, 255 (Pa. Super.

1999), *appeal denied*, 747 A.2d 900 (Pa. 1999).[1]  Here, the trial court did not exceed the statutory maximum when it resentenced Appellant to five to ten years' imprisonment for ethnic intimidation following the revocation of his probation.  Therefore, we find no abuse of discretion in the trial court's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/18

---

[1] 204 Pa.Code § 303.1(b) states:  "The sentencing guidelines do not apply to sentences imposed as a result of the following: . . . revocation of probation, intermediate punishment or parole."